## Rosewood Holding LLC v Greenpoint Goldman SM LLC

2025 NY Slip Op 30782(U)

March 10, 2025

Supreme Court, New York County

Docket Number: Index No. 152520/2025

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**

*Justice*

PART 04

-----------------------------------------------------------------------X

ROSEWOOD HOLDING LLC,

Plaintiff,

- v -

GREENPOINT GOLDMAN SM LLC, GREENPOINT-GOLDMAN CORP.,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152520/2025 |
| MOTION DATE | 02/27/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for _____ PREL INJUNCTION/TEMP REST ORDR _____.

Upon the foregoing documents and oral argument held on March 7, 2025, plaintiff's motion for a preliminary injunction is granted.

Defendant Greenpoint-Goldman Corp. (the "Landlord") owns the building located at 617-627 West 181st Street New York, New York 10033 (the "Premises") which it leases to plaintiff Rosewood Holding LLC (the "Tenant") pursuant to a "Net Lease Agreement" dated June 3, 1986, executed by their respective predecessors-in-interest (the "Lease"). As pertinent here, Article 9 of the Lease requires plaintiff to "provide and keep in force insurance against liability for bodily injury and property damage ... in such amounts and in such forms of policies as may from time to time be reasonably required by Landlord" in favor of Landlord and Tenant (NYSCEF Doc No. 8, Lease at Article 9[a], [b]).

On March 22, 2023, non-party Veronica Polanco commenced a negligence action in New York State Supreme Court, New York County, seeking to recover for injuries allegedly sustained

**152520/2025  ROSEWOOD HOLDING LLC vs. GREENPOINT GOLDMAN SM LLC ET AL**
**Motion No.  001**

Page 1 of 5

INDEX NO. 152520/2025
RECEIVED NYSCEF: 03/10/2025

on March 8, 2022, when she slipped and fell on the sidewalk proximate to the Premises (the "Polanco Action"). The parties herein, as well as Centauri Development Inc., a general contractor hired for renovation work at the Premises, are named defendants in the Polanco Action.

Plaintiff's insurer disclaimed any duty to defend or indemnify plaintiff and defendants in the Polanco Action, citing Polanco's representation in her bill of particulars that she tripped on "construction debris" thereby falling within plaintiff's policy's exclusions for bodily harm arising out of operations of any contractor or subcontractor (see NYSCEF Doc Nos. 16 and 17, disclaimer letters). As a result, on January 17, 2025, defendant Greenpoint Goldman SM LLC issued a Notice of Termination to plaintiff, purportedly terminating plaintiff's tenancy as of February 28, 2025, on the grounds that plaintiff had defaulted under the Lease by failing to maintain insurance against liability for bodily injury on behalf of itself and Landlord (NYSCEF Doc No. 7, notice of termination).

Plaintiff then commenced this action by summons with notice and moved, by order to show cause, for an order tolling the termination date, extending the time in which plaintiff may cure the default alleged in the Termination Notice, and enjoining defendants from attempting to terminate the Lease or evict plaintiff pending the disposition of this action.[1] In support of this motion, plaintiff asserts that it has not defaulted under the Lease but maintained insurance for the entire period, submitting proof documenting such insurance (see NYSCEF Doc No. 9). Plaintiff adds, however, that if it is in default it remains ready, willing, and able to cure that default by, inter alia, paying for defendants' defense in the Polanco Action or indemnifying defendants for any loss

---

[1] Plaintiff's proposed order to show cause also included a request for a temporary restraining order, which was granted (see NYSCEF Doc No. 23).

**152520/2025 ROSEWOOD HOLDING LLC vs. GREENPOINT GOLDMAN SM LLC ET AL**
**Motion No. 001**

sustained in connection with that action. Plaintiff also suggests that its contractor, Centauri Development Inc., may defend defendants herein in the Polanco Action.

In opposition, defendants do not dispute that plaintiff obtained insurance but argue that plaintiff's insurance policy's exclusions for bodily harm related to ongoing operations or arising out of operations of any contractor or subcontractor violated the requirements of the Article 9 of the Lease, which does not contemplate any such exceptions to coverage. Defendants also argue that plaintiff may not use insurance coverage from its contractor to cure its default because, as a matter of law, defendants are not required to accept performance of contractors in place of plaintiff. Finally, defendants argue that this action is untimely, as commenced outside plaintiff's time to cure their default, and should be dismissed without prejudice to plaintiff commencing a holdover proceeding in Housing Court.

## DISCUSSION

Plaintiff's motion is granted. "The party seeking *Yellowstone* relief must demonstrate the following four elements: (1) It holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (*Wharton-Bickley v 388 Broadway Owners LLC*, --- NYS3d ----, 2025 NY Slip Op 00802, at *3 [1st Dept 2025] [internal citations and quotations omitted]) and plaintiff has satisfied these elements.

As to the first and second requirements, it is undisputed that plaintiff holds a commercial lease and received a notice of termination from Landlord. As to the third requirement, plaintiff has established that it moved for injunctive relief on February 27, 2025, a day before the Lease's purported termination. As to the fourth requirement, the Court concludes that plaintiff need not

**152520/2025   ROSEWOOD HOLDING LLC vs. GREENPOINT GOLDMAN SM LLC ET AL**          **Page 3 of 5**
**Motion No.  001**

[* 3]                                              3 of 5

show that it is able to cure the alleged default because it has raised a triable issue of fact as to whether it has defaulted, "inasmuch as it has demonstrated that it secured an insurance policy naming the defendant as an additional insured" (*Lex Retail, LLC v 71st St.-Lexington Corp.*, 2020 NY Slip Op 31457[U], 4-6 [Sup Ct, NY County 2020]; *see also W & G Wines LLC v Golden Chariot Holdings LLC*, 46 Misc 3d 1202(A) [Sup Ct, Kings County 2014]). To the extent the parties dispute whether plaintiff's policy satisfied the requirements of Article 9 of the Lease, this dispute supports granting an injunction (*see W & G Wines LLC v Golden Chariot Holdings LLC*, 46 Misc 3d 1202(A) [Sup Ct, Kings County 2014] ["Conflicting credible interpretations of a lease provision create a triable issue of fact"]).

In any event, plaintiff has shown that it is able and willing to cure, through its representation that it is willing to defend defendants herein in the Polanco Action or indemnify them for losses incurred in that action (*see Lex Retail, LLC v 71st St.-Lexington Corp.*, 2020 NY Slip Op 31457[U], 4-6 [Sup Ct, NY County 2020] [where "a plaintiff tenant agrees … to bond the defendant for losses incurred as a result of a purportedly insured claim … a cure is possible"]). *Kyung Sik Kim v Idylwood, N.Y., LLC*, 66 AD3d 528 (1st Dept 2009), cited by defendants, does not support a contrary conclusion. That case stands for the proposition that a tenant's failure to obtain insurance *at all* constitutes an incurable defect precluding a *Yellowstone* injunction and does not apply here, where the parties' dispute the sufficiency of insurance that was, indisputably, obtained (*see W & G Wines LLC v Golden Chariot Holdings LLC*, 46 Misc 3d 1202(A) [Sup Ct Kings County 2014]).

Accordingly, it is

**ORDERED** that the plaintiff's motion is granted to the extent that its application for a *Yellowstone* injunction is granted and, pending final adjudication of this matter, defendants and their agents are enjoined and restrained from terminating or cancelling the plaintiff's Lease or

**152520/2025  ROSEWOOD HOLDING LLC vs. GREENPOINT GOLDMAN SM LLC ET AL**          **Page 4 of 5**
**Motion No. 001**

4 of 5

[* 4]

taking any action to evict the plaintiff from the premises based upon the grounds alleged in the subject Notice of Termination, and the plaintiff's time to cure the alleged defaults under the lease is hereby tolled; and it is further

**ORDERED** that defendant is to serve plaintiff with a demand for complaint within twenty days from the date of this decision and order; and it is further

**ORDERED** that the parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on May 22, 2025, at 9:30 am.

This constitutes the decision and order of the court.

| 3/10/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | HON. JUDY H. KIM, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**152520/2025  ROSEWOOD HOLDING LLC vs. GREENPOINT GOLDMAN SM LLC ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5